MARÍA, JESÚS, and JAIME DEL VALLE RÍOS, Plaintiffs and Appellants, *v.* JUAN GONZÁLEZ ET AL., Defendants and Appellees.

No. R-65-274.    Decided May 5, 1967.

---

*Ángel Roberto Díaz* for appellants. *Octavio Jiménez* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

PER CURIAM: This is a suit which in essence seeks to redeem the possession of a parcel of land of 1.50 cuerdas situated in ward Algarrobo of Vega Baja, now in the possession and ownership of appellee Juan González. The most outstanding facts show that on September 5, 1946 appellants Jesús and Jaime del Valle Ríos and their sister María, feigning to be 18 and 16 years old,[1] appeared together with their father, José del Valle, and sold to Eugenio Sostre the aforementioned parcel of land. In the private document executed to that effect it was stated that they had acquired the property by right of representation in the inheritance of their maternal grandmother, and that the legal proceedings "for the partition of this hereditary estate, as well as the sale of said parcel of land to Eugenio Sostre" had not been completed. The sale was executed for the amount of $150 received at the execution of the document and in the presence of two witnesses, the vendors binding themselves to execute, at the proper time, a public deed of the contract agreed upon.

Six years later, on June 3, 1950, the same parties appeared again to sign a private document which they called "Assignment of Rights and Actions by Sale." All of them declared they were of age and identified the origin of their

---

[1] María and Jesús are twins.

title as they did in the former document. They also stated that: "The appearing parties further declare that on or about September five, nineteen hundred and forty-six, they sold by private document to Eugenio Sostre de la Erre, whatever right and action they had or might have over said property and hereby they ratify said document in all its parts, and *wishing to do it again in writing,*" they stipulated that:

"A.—José del Valle Tacoronte, as legitimate father of MARÍA DEL VALLE RÍOS, JESÚS DEL VALLE RÍOS and JAIME DEL VALLE RÍOS, and the latter in their own right also, hereby ASSIGN, SELL, GIVE, and TRANSFER, in favor of Eugenio Sostre, and the latter thus buys and accepts, the parcel of land previously described in the first averment of this recital, I mean, in the FOURTH averment of this recital, with all its uses, rights, servitudes, annexes, buildings, and whatever is annexed and inherent, as well as whatever right and action they have or may have in said inheritance of their aforementioned mother, Julia Ríos, who died intestate in this town, the vendors binding themselves to warranty against eviction of this sale according to law and without further limitations than this execution."

It is claimed that since the vendors were underage at the date of the execution of both documents, the same have no legal force for the purpose of a valid transfer of title. In fact, it was established, by the corresponding certificates, that María and Jesús were born on December 24, 1929 and Jaime on September 6, 1932.[2]

■ After a trial on the merits,[3] the lower court determined, as a matter of fact, that at the time of execution of

[2] On the date of the execution of the first document, María and Jesús were 16 years 8 months 11 days old; on the date of the second, 20 years 6 months 11 days old. On the first execution Jaime was 14 years old; on the second, he was 17 years 8 months 27 days old.

[3] During the trial the lower court entered an order on September 30, 1964 dismissing the special defenses set up by the defendant, on the ground that said contracts were nonexistent for lack of valid consent of the contracting parties because they were minors. In petition No. C-64-74, after entering an order to show cause, we set aside said order and stated insofar as pertinent:

the second contract, both brothers and their sister "appeared to have sufficient capacity, judgment, and free administration of their property to contract, as they did, with another person who trusted them as if they were of legal age."[4] Consequently, it concluded, as a matter of law, that the transaction executed was merely voidable, and that, since the action was commenced on October 21, 1963, it had prescribed because more than four years had elapsed since plaintiffs had attained majority. The complaint was dismissed on this and other grounds—ordinary usucapion and the lack of an adequate description of the parcel of land sought to be redeemed.

All of appellants' arguments seem to rely on the fact that since from the first document it appeared that the vendors were underage, the transaction could not be ratified by the second document in which they appear as being of age. But actually, although the document executed in 1950 mentioned the word ratification—obviously drafted by a person lacking a thorough knowledge of the juridical scope of this concept—it shows that the parties wanted *"to execute again"* the sale. And in the appeal there is evidence that they received an additional price.[5]

---

"The motion [to show cause] for that purpose submitted by plaintiffs in the principal action, and interveners in this petition, does not adduce any reason of merit to justify the order challenged.

.    .    .    .    .    .    .    .

The dismissal of said special defenses adduced by the defendants in the principal suit being *evidently incorrect and also premature*, the writ of certiorari is issued . . . and a hearing on the merits will be held at the trial court." (Italics ours.)

[4] The only evidence on this particular sustains the finding copied above. On the other hand, plaintiffs made no effort to establish that the purchaser knew that the vendors were minors.

[5] An uncle of plaintiffs testified that:

"And the second time, for how much did they sell?

"Well, when they came, their brother was in the army and he came to claim that they were minors, and that if they were not given more money they would not sign the documents, *they had to* give them the same money."

■ Considering the preceding facts, § 1253 of the Civil Code, 31 L.P.R.A. § 3512, and the decisions in *Delgado* v. *Marchese*, 44 P.R.R. 272 (1932); *Heirs of Rivera* v. *Hernández et al.*, 31 P.R.R. 768 (1923), and *Durán* v. *Seda*, 29 P.R.R. 501 (1921), to the effect that this being a strong case of representation on the part of a minor of his majority to contract with another person who trusts him and contracts with him as if he were of age, in the absence of the slightest showing that the purchaser was aware that he was dealing with a minor, the sale executed by said minor is valid, no violation of fact or of law has been committed to justify the altering of the judgment.

The judgment rendered by the Superior Court, San Juan Part, on November 17, 1965 is affirmed and costs in the present appeal are imposed on appellants.[6]

---

[6] Appellants did not request that the transcript of evidence be sent to this Court as part of the record for review; appellee did. We also note that plaintiffs' exhibits 6 to 8 were withdrawn at their request before the original record was sent to this Court.